IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
September 25, 2025 02:21 PM
SX-2021-MC-00034
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| HERNAN NAVARRO, | **CASE NO. SX-2021-MC-00034** |
| PETITIONER, | |
| v. | WRIT OF HABEAS CORPUS |
| GOVERNMENT OF THE VIRGIN ISLANDS AND VERGIN ISLANDS BUREAU OF CORRECTIONS, | |
| RESPONDENTS. | |

Cite as: 2025 VI SUPER 34U

Appearances:

Daniel L. Cevallos, Esq.
New York, NY
*For Petitioner*

Sean P. Bailey, Esq.
Assistant Attorney General
Virgin Islands Department of Justice
St. Thomas, VI
*For Respondent*

## MEMORANDUM OPINION AND ORDER

### PROCEDURAL POSTURE

¶ 1 **THIS MATTER** is before the Court on a *Petition for Writ of Habeas Corpus* (hereinafter "Petition") filed on May 7, 2021, a *Writ of Habeas Corpus* (Memorandum Opinion, 2021 VI SUPER 60U) (hereinafter "Writ") entered on July 13, 2021, the *Respondent's Return* (hereinafter "Return") filed on September 2, 2021, the *Petitioner's Traverse* (hereinafter "Traverse") filed on November 30, 2023, the Petitioner's *pro se Notice of Addendum to Traverse* filed on September 27, 2021, and the Petitioner's *pro se Traverse to Respondents Return* filed on September 28, 2021. The Petitioner also filed a *Motion to File for Commutation* on September 15, 2025. In the initial Writ in this matter, the Court found that the Petitioner adequately alleged a *prima facie* case for habeas relief with respect only to his challenge to the sufficiency of the evidence, particularly the

thumb print that was found on the knife, to prove that he was present at the locations where the crimes occurred. The Court accordingly issued the Writ, limited to that claim only.

## BACKGROUND

¶ 2    The facts in this matter have previously been summarized by this Court as follows:

> In August 1999, following a jury trial, Navarro was convicted of Burglary First Degree, Robbery First Degree, Carjacking, First Degree Murder, Assault First Degree, Unlawful Possession of a Firearm, and Threatening a Witness. He was sentenced in May 2000 to life without parole on the murder charge and additional time on the other counts. His conviction and sentence were affirmed by the Third Circuit Court of Appeals in October 2001, *United States v. Lopez*, 271 F.3 472, 44 V.I. 311 (3d Cir. 2001), and his application for writ of certiorari was denied by the United States Supreme Court on March 25, 2022. *See Navarro v. United States*, 535 U.S. 926, 122 S. Ct. 1376, 152 L. Ed. 2d 368 (2002).

Memorandum Opinion, 2021 VI SUPER 60U, ¶ 3.

## LEGAL STANDARD

¶ 3    The statutory foundation for habeas corpus relief in the U.S. Virgin Islands is found in 5 V.I.C. § 1301, which provides that "every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 5 V.I.C. § 1302 outlines the procedural requirements of a petition for a writ of habeas corpus, including the identification of the custodian, place of confinement, and legal grounds for relief. Jurisdiction lies with both the Superior Court and the District Court under 5 V.I.C. § 1303.

¶ 4    This Court issued the Writ in this matter finding that the Petitioner had made a *prima facie* showing that grounds existed to entitle him to relief with respect only to his challenge to the sufficiency of the evidence. Issuance of a writ of habeas corpus alone does not entitle a petitioner to the ultimate relief sought or address the underlying merits of a petition's allegations; it simply requires further proceedings on the petitioner's application for discharge or other relief from unlawful custody or detention. *See, Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 312; *see also*, V.I.R.H.C. 2(d). "Habeas corpus is warranted only in limited cases where violations of constitutional principles are implicated; it is not a substitute for a direct appeal." *Dowling v. Gov't of the V.I.*, 44 V.I. 256, 259 (V.I. Terr. Ct. 2002) (citations omitted). In this review, "[P]etitioner bears the burden of proving the facts supporting the petition or establishing grounds entitling him

to relief." *Id* (citations omitted). Under V.I. H.C.R. 2(b)(2), "[a] petitioner may be awarded a discharge – or another form of redress, such as a new sentencing hearing – if any of the seven conditions set forth in 5 V.I.C. § 1314 are met, or if relief is warranted to remedy a constitutional or statutory violation."[1]

¶ 5    Although an evidentiary hearing is generally required once a *prima facie* case is established, no hearing is necessary where the parties' filings reveal no factual disputes material to resolution. *See Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 314 (V.I. 2014); V.I. H.C.R. 2(g)(1). In this matter, the parties have not raised any factual disputes material to resolution of the Petition. The arguments of the parties are based solely on the applicable law and the application of the law. Any disagreement of the parties with regard to the facts is limited as to whether there were sufficient facts and evidence to support the Petitioner's conviction. Therefore, pursuant to V.I. H.C.R. 2(g)(1), an evidentiary hearing is not required.

## DISCUSSION

¶ 6    In the instant matter, in issuing the initial Writ, the Court limited its consideration only to the Petitioner's challenge to the sufficiency of the evidence to prove that he was present at the locations where the crimes occurred. Despite the Petitioner's previous appeals and other petitions filed in various courts, this Court found that:

> The one important detail this court believes stands out is that Petitioner's argument is not in the context of an ineffective assistance of counsel claim like it was presented to the District Court. What the Petitioner presents here, and that he is entitled to, is a sufficiency of the evidence claim with regards to the thumb print that was found on the knife.

Memorandum Opinion, 2021 VI SUPER 60U, ¶ 13. The Court went on to explain that:

---

[1] 5 V.I.C. § 1314 provides:

If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restriction of section 1313 of this title:

(1) When the jurisdiction of such court or officer has been exceeded.

(2) When the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge.

(3) When the process is defective in some matter of substance required by law rendering such process void.

(4) When the process, though proper in form, has been issued in a case not allowed by law.

(5) When the person having custody of the prisoner is not the person allowed by law to detain him.

(6) When the process if not authorized by any order, judgment or decree of any court, nor by any provision of law.

(7) When a party has been committed on a criminal charge without reasonable or probable cause.

Here, Petitioner's habeas petition raises a purely legal question, including challenges to sufficiency of the evidence because Petitioner claims that he was charged without evidence proving that he placed the knife where it was found by the detectives, that there was not another print that could compliment the partial print on the knife and that the knife did not come out of the homes or personal property of the victims. (*See* Habeas Petition p. 4). Petitioner claims there was no evidence presented on the record to prove that he was present at the location where the crimes occurred. The court finds that these allegations, if true, [presents] a prima facie case for relief.

*Id.*

¶ 7     In their Return, the Respondents sufficiently demonstrate that this Court's initial grant of the Writ was not supported by the history of the Respondent's previous appeals filed on the same issues raised in this matter. The Petitioner's initial appeal was decided in 2001 by the Third Circuit Court of Appeals in consolidation with the appeals of his co-defendants. In that appeal:

Navarro assert[ed] that by only producing in advance of trial a two-page Report of Examination regarding the expert's examination of the fingerprint found on the knife, without information regarding "the bases and the reasons" for the expert's opinion, and by not proffering the expert's qualifications until trial, the government violated Rule 16(1)(a)(E).

United States v. Lopez, 271 F.3d 472, 483 (3d. Cir. 2001). The appellate court found that the Petitioner failed to show that he had been prejudiced by the government's failure, or how the government's failure resulted in denial of his right to a fair trial. *Id.* Therefore, the Petitioner's request for a new trial was denied.

¶ 8     On December 23, 2011, the Petitioner filed a motion under 18 U.S.C. § 2255 to vacate, set aside, or correct his sentence which, in part, questioned the sufficiency of the evidence with regard to the print. That motion was determined to be time-barred without a justification for equitable tolling. Nonetheless, the District Court evaluated the Petitioner's actual innocence claim and rejected it, having determined that there was no evidence by a fingerprint expert to establish the Petitioner's innocence, and that the Petitioner's argument was based on speculation and a string of hypotheticals. *Navarro v. United States*, 2018 WL 3533591, at 11 (D.V.I. 2018). The Petitioner then filed an application for a certificate of appealability which was denied by the Third Circuit Court of Appeals. *Navarro v. United States*, 2018 WL 7324798 (3d. Cir. 2018). The Supreme Court of the United States also denied the Petitioner's petition for writ of certiorari. *Navarro v. United States*, 140 S.Ct. 974 (2020).

¶ 9    A habeas petition cannot be used to relitigate issues that have already been considered and decided. *Rodriguez v. Bureau of Corrections,* 58 V.I. 367, 376-77 (V.I. 2013). "When a petition for a writ of habeas corpus 'merely repackages [and recycles] the same arguments that a court has already reviewed on direct appeal or in a previous writ, it is procedurally barred.'" *In re George,* 73 V.I. 627, 636 (V.I. 2020) (citations omitted). Therefore, because the issue of the sufficiency of the evidence, particularly the thumb print that was found on the knife, to prove that the Petitioner was present at the locations where the crimes occurred was raised and considered on direct appeal, and again in the context of a motion to vacate, set aside, or correct sentence, the Petitioner is procedurally barred from relitigating the issue.

## CONCLUSION

¶ 10    The issues raised by the Petitioner in his Petition, including his challenge to the sufficiency of the evidence, were all previously raised and addressed in his prior appeals. Therefore, the Petitioner is procedurally barred from relitigating those issues. Accordingly, the premises having been considered, and the Court being otherwise fully advised, it is hereby

**ORDERED** that the Petitioner's Petition for *a Writ of Habeas Corpus* is **DENIED;** and it is further

**ORDERED** that the Petitioner's *Motion to File for Commutation* is **DENIED** as resolution of this matter relieves the Petitioner's court-appointed attorney from further representation of the Petitioner; and it is further

**ORDERED** that this matter is **CLOSED;** and it is finally

**ORDERED** that a copy of this Order be served upon the Petitioner, Hernan Navarro, Daniel L. Cevallos, Esq., and Sean P. Bailey, Esq.

**DONE** and **SO ORDERED** this 25th day of September, 2025.

A T T E S T:
TAMARA CHARLES
Clerk of the Court

By
Court Clerk II

Date: 9/25/25

ERNEST E. MORRIS, JR.
Superior Court Judge

CERTIFIED TO BE A TRUE COPY
This 25th day of Sept. 20 25
TAMARA CHARLES
CLERK OF THE COURT
By _____ Court Clerk III